UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL THOMASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Civil No. 3:25-cv-01409-GCS |
| SOUTHERN ILLINOIS LABORERS' | ) | |
| AND EMPLOYERS' HEALTH & | ) | |
| WELFARE TRUST FUND, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

### INTRODUCTION AND BACKGROUND

This matter is before the Court on Defendant Southern Illinois Laborers' and Employers' Health & Welfare Trust Fund's combined Federal Rule of Civil Procedure 12(b)(6) motion to dismiss amended complaint pursuant to ERISA § 502(a)(1)(B) for failure to state a claim and 12(f)(2) motion to strike jury demand. (Doc. 27, 28, 30). Specifically, Defendant argues that Plaintiff did not exhaust, and he did not adequately plead an exception to exhaustion; that damages he seeks should be dismissed as they are not available under ERISA; and that Plaintiff is not entitled to a jury trial. Plaintiff opposes the motion. (Doc. 29).[1]  Based on the reasons delineated below, the Court **GRANTS in part** and **DENIES in part** the motion to dismiss. However, the Court *sua sponte* **STAYS**

---

[1]     In his response, Plaintiff concedes that the demand for jury trial should be stricken. (Doc. 29, p. 9). Thus, the Court **GRANTS** this portion of the motion and **STRIKES** Plaintiff's jury demand.

this matter pending the exhaustion of administrative remedies.

On December 30, 2025, Plaintiff filed an Amended Complaint pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). (Doc. 25). Plaintiff sued to recover benefits under the terms of his employee benefit plan and to enforce his rights under the terms of the employee benefit plan. Plaintiff contends that beginning on or about April 2021, Defendant ceased pay for his medical treatment although treatment was recognized as treatment covered by Defendant's group health plan and the Defendant received payments on behalf of Plaintiff made by his union and employer. *Id.* at p. 3. Plaintiff seeks *inter alia* $142,303.47 in damages for the wrongfully denied benefits; interest in the amount of not less than 5% per annum from the dates of claims for the benefits that should have been paid, as well as consequential damages and unspecified relief and a jury trial. *Id.* at p. 5.

LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *See Gociman v. Loyola University of Chicago,* 41 F.4th 873, 885 (7th Cir. 2022) (citations omitted). In reviewing a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pleaded facts, and draw all possible inferences in the plaintiff's favor. *See Yash Venture Holdings, LLC v. Moca Financial, Inc.,* 116 F.4th 651, 656 (7th Cir. 2024); *Gociman,* 41 F.4th at 881 (citations omitted). The complaint will survive a motion to dismiss only if it alleges facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 556 (2007); *Orr v. Shicker*, 147 F.4th 734, 740 (7th Cir. 2025); *Lewis v. AbbVie Inc.*, No. 24-3121, 2025 WL 2527461, at *3 (7th Cir. Sept. 3, 2025) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hess v. Garcia*, 72 F.4th 753, 758 (7th Cir. 2023).

With these principles in mind, the Court turns to address the merits of the motion.

## DISCUSSION

"Congress established the administrative claims resolution process to reduce the number of frivolous law-suits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the cost of claims settlement for all concerned." *Schorsch v. Reliance Standard Life Ins. Co.*, 693 F.3d 734, 739 (7th Cir. 2012) (cleaned up). "Although ERISA does not require administrative exhaustion as a prerequisite to suit, [courts] have interpreted ERISA as requiring exhaustion of administrative remedies as a prerequisite to bringing suit under the statute." *Id.* (cleaned up). *See also Powell v. A.T. & T. Communications, Inc.*, 938 F.2d 823, 825 (7th Cir. 1991) (observing that "the strong federal policy encouraging private resolution of ERISA-related disputes mandates the application of the exhaustion doctrine to statutory claims for breach of fiduciary duty under ERISA").

The Seventh Circuit has placed the decision to require exhaustion within the discretion of the trial court. *See Powell*, 938 F.2d at 825. Courts "focus . . . [on] whether the plaintiff has sufficiently alleged facts to establish that he has exhausted administrative

remedies," and "[i]f the plaintiff has not exhausted administrative remedies, in some situations [the court] may exercise [its] discretion to excuse the requirement." *Potter v. ICI Americas Inc.*, 103 F.Supp.2d 1062, 1065–66 (S.D. Ind. 1999). The Seventh Circuit recognizes "two exceptions to the exhaustion requirement: (1) that the plaintiff has been denied meaningful access to the plan's claims and review procedure; and (2) that exhaustion would be futile." *Id.* at 1066; *Gallegos v. Mount Sinai Medical Center*, 210 F.3d 803, 808 (7th Cir. 2000).

When a plaintiff fails to exhaust the administrative claims process, his complaint may be dismissed. *See, e.g., Feazel v. Ameren Long Term Disability Plan for Non-Union Employees*, Case No. 17-cv-01221-DRH-SCW; 2018 WL 1787294, at *2 (S.D. Ill. Apr. 13, 2018) (dismissing complaint where plaintiff conceded "he has neither exhausted nor attempted to exhaust administrative remedies under the Plan." Alternatively, such action may be stayed pending Plaintiff's exhaustion of the administrative claims process. See, e.g., *Nicodemus v. Life Insurance Company of North America*, No. 16 C 6968; 2017 WL 1511475, at *3 (N.D. Ill. April 27, 2017) (staying case "pending resolution of the administrative process").

Plaintiff concedes that he has neither exhausted nor attempted to exhaust administrative remedies, but argues that such failure should be excused, either because there is no showing he had an administrative remedy to pursue or because exhaustion would be futile. (Doc. 3-7). Here, the Court finds that Plaintiff has not pled sufficient facts in his amended complaint to show he is entitled to excusal from exhaustion on either of the theories he advances.

First, Plaintiff has not alleged any facts to suggest it would be futile for him to pursue the administrative procedures available to him. He merely alleges in his amended complaint: "[t]he failure to pay for the medical treatment was not a result of inadvertence or negligence, but rather done intentionally for the purpose of punishing Thomason. . . . Based on Defendant's conduct, the submission of all outstanding claims to the Defendant that have not been previously submitted would be futile." (Doc. 25, p. 3). These are the only allegations in the amended complaint that could possibly relate to futility. Clearly, Plaintiff has not alleged specific, nonconclusory facts to indicate that the claims and appeals procedures could not redress his grievances. He simply claims that Defendant denied his claims. Moreover, Plaintiff, through counsel, admitted during the January 6, 2026, Scheduling Conference that Plaintiff did not exhaust his administrative remedies before filing this lawsuit. Thus, Plaintiff has failed to present facts that the administrative process "would not root out any predisposition." *Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1238 (7th Cir. 1997) (citing *Smith v. Blue Cross & Blue Shield United of Wisconsin*, 959 F.2d 655, 659 (7th Cir. 1992)).[2]

Second, as to the unavailability of the administrative process, Plaintiff maintains that "Defendant has made no showing that it created any procedures for review much

---

[2]     After briefing closed on this motion, Plaintiff, without any legal support, moved to supplement the record to include 28 pages of explanation of benefits which he claims show denial based upon fraud. (Doc. 31, 31-1). Defendant opposes the motion arguing that these documents were not before Defendant at the time of the decision. (Doc. 32). Despite the failure to cite any legal authority to supplement, the Court **GRANTS** the motion. However, a review of these documents does not bolster Plaintiff's futility argument and does not alter the analysis set forth above.

less provided the Plaintiff with any statement of reasons for its denial of coverage." (Doc. 29, p. 4). Of course, the record does not contain the employee benefit plan or the reasons for denying coverage and Defendant latches onto the point that the Court must stay within the four corners of the pleadings. That is not exactly correct. Although a "complaint may not be amended by the briefs in opposition to a motion to dismiss," *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012), the Court may "consider additional facts" in a brief opposing dismissal "so long as those facts are consistent with the pleadings," *Phillips v. Prudential Ins. Co. of Am.*, 714 F3d 1017, 1020 (7th Cir. 2013) (citation omitted); *see also Jones v. Sparta Community Hospital*, No. 16-4241, 716 Fed. Appx. 547, 547 (7th Cir. Mar. 23, 2018). These new allegations in the response to the motion to dismiss are inconsistent with the allegations in the Amended Complaint. A fair reading of the Amended Complaint reveals that the only allegations relating towards exhaustion are based on futility. His Amended Complaint does not indicate he made any attempt to avail himself of the claims and appeal process or that he was not given any notice of his right to appeal any denial of benefits.

The Court finds that Plaintiff has failed to allege facts in his Amended Complaint that he should be excused from the exhaustion requirement, thus, Plaintiff must exhaust his administrative remedies before pursuing his claim in this Court. However, relying on the discretion afforded to it, the Court is not going to dismiss this action, but instead *sua sponte* **STAYS** this matter and **DIRECTS** Plaintiff to exhaust the administrative remedies.

As to the Defendant's remaining argument regarding the damages and/or relief sought as not being proper, the Court need not address this issue as it is staying the case

pending the exhaustion of administrative remedies.

## CONCLUSION

Accordingly, the Court **GRANTS in part, DENIES in part** and **DENIES as moot in part** Defendant's combined Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Amended Complaint pursuant to ERISA § 502(a)(1)(B) for failure to state a claim and 12(f)(2) motion to strike jury demand. (Doc. 27). The motion is granted as to the motion to strike jury demand, denied as to dismissing for failure to exhaust administrative remedies and denied as moot as to the damages/relief argument. However, the Court *sua sponte* **STAYS** this matter and **DIRECTS** Plaintiff to exhaust administrative remedies. The parties **SHALL** inform the Court once the stay can be lifted. Lastly, the Court **GRANTS** Plaintiff's motion to supplement the record. (Doc. 31).

**IT IS SO ORDERED.**

**DATED: April 20, 2026.**

Digitally signed by
Judge Sison
Date: 2026.04.20
14:29:43 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**